IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DR. RAY L. NANNIS, P.C., dba OPTIMUM WELLNESS SOLUTIONS, a Texas corporation; and DR. RAY L. NANNIS, an individual,<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**

The United States of America brings this action against Defendants Dr. Ray L. Nannis, P.C. dba Optimum Wellness Solutions (Optimum) and Dr. Ray L. Nannis (Dr. Nannis) for injunctive relief pursuant to 18 U.S.C. § 1345 to prevent an ongoing fraud on the public.

### INTRODUCTION

1. Defendants are conducting a predatory wire fraud scheme exploiting the current COVID-19 pandemic.

2. Defendants maintain a purported treatment office in Richardson, Texas, where they provide, among other things, chiropractic, homeopathic, and other natural treatments.

3. Defendants have made numerous false claims on the Internet and to prospective customers that they can provide a homeopathic product that will prevent, mitigate, or otherwise treat COVID-19 and/or the novel Coronavirus.

4. There are currently no known FDA approved vaccines or drugs to treat COVID-19 and/or the novel Coronavirus.

5. The United States seeks to prevent continuing and substantial injury to victims of this fraudulent scheme by bringing this civil action under 18 U.S.C. § 1345 to enjoin Defendants' ongoing facilitation of wire fraud in violation of 18 U.S.C. § 1343.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

8. Plaintiff is the United States of America.

9. Defendant Optimum is a professional corporation organized under the laws of the State of Texas and headquartered in Richardson, Texas.

10. Defendant Dr. Nannis is an individual residing in Plano, Texas. Dr. Nannis serves as Optimum's Director, President, Secretary, Treasurer, and Registered Agent. Dr. Nannis is a chiropractor licensed in Texas. Dr. Nannis is not a medical doctor, does not have a medical degree, and is not licensed as a physician in Texas or any other state.

## FRAUDULENT SCHEME

11. On March 30, 2020, Special Agent Gabriel Marchal of the United States Secret Service visited the account "OptimumWellnessSolutions" located on the public website Facebook. Agent Marchal located posts on Facebook promoting Defendants' Richardson location and encouraging consumers to visit Defendants to use their services. As of the date of this filing, all of the posts referenced below appeared on Optimum's Facebook account.

12. Multiple posts that appear on Optimum's Facebook account falsely state that a homeopathic product can prevent, mitigate, or otherwise treat COVID-19 and/or the novel Coronavirus. For example, in a March 19, 2020 written post, Defendants describe a "Corona-19 Homeopathic Vaccine remedy," explaining that "Coronavirus-19 can be treated effectively with

safe, non-toxic, sublingual Homeopathic and other natural remedies." In the same post, Defendants wrote that these "Homeopathic COVID-19 remedies are now available, through Optimum Wellness Solutions and help build immunity against the virus. Please reserve your homeopathic . . . ASAP to pick up the remedies that will help protect yourself and your loved ones." In a subsequent March 30, 2020 video post on Optimum's Facebook account, Dr. Nannis explains that they now "have a homeopathy available," suggesting that it could have a "90% protection" rate against COVID-19. In an April 1, 2020 video post on Optimum's Facebook account, Dr. Nannis further touts the availability of the "homeopathy," explaining that it can prevent COVID-19 or "if you do get sick, it's going to make it very very very minimal." In an April 16, 2020 video post on Optimum's Facebook account, Dr. Nannis states that Optimum's "homeoprophylactic" provides "the best protection" against contracting COVID-19.

13. On March 30, 2020, Agent Marchal called Optimum at a number identified on the Optimum website and Facebook account. Agent Marchal inquired with someone in the Optimum office regarding the alleged homeopathy for COVID-19, and was told that Dr. Nannis would call Agent Marchal back to discuss the homeopathy. Dr. Nannis called Agent Marchal later on March 30, 2020. At that time, Agent Marchal spoke with Dr. Nannis regarding the purported "Coronavirus-19" homeopathic product described on Optimum's Facebook account

14. During the call, Dr. Nannis stated that due to the FDA—seemingly alluding to the Federal Food & Drug Administration—he could not say that the homeopathy he sold through Optimum would "cure" the novel Coronavirus and/or COVID-19. Despite acknowledging the strictures placed on such representations by the FDA, Dr. Nannis nonetheless stated during his call with Agent Marchal that the homeopathy he was offering through Optimum should provide 90% protection against the novel Coronavirus. Dr. Nannis further claimed that, if someone became infected with the novel Coronavirus and/or COVID-19, the homeopathy he was offering would minimize any associated symptoms. Dr. Nannis offered to sell this homeopathy to Agent Marchal for $95 per dose. Dr. Nannis offered to ship the homeopathy directly if Agent Marchal provided his credit card information.

15. The claims made by Defendants are false and fraudulent, as the participants in the scheme either know or consciously avoid knowing the fact that there is no known effective medical cure or treatment for COVID-19 and/or the novel Coronavirus.

16. As of April 14, 2020, agents have observed consumers patronizing Defendants' Richardson location, indicating that the scheme is ongoing.

17. Victims suffer financial losses from the wire fraud scheme facilitated by Defendants, and victims further suffer harm via potential exposure to the novel Coronavirus and/or COVID-19 by unnecessarily visiting Defendants' location to obtain a treatment that does not work.

18. Absent injunctive relief by this Court, Defendants' conduct will continue to cause injury to victims.

## COUNT ONE
## 18 U.S.C. § 1345

19. The United States re-alleges and incorporates each of the preceding paragraphs as though fully set forth herein.

20. By reason of the conduct described herein, Defendants have violated, are violating, and are about to violate 18 U.S.C. § 1343 by facilitating a scheme and artifice to defraud and obtain money or property by means of false or fraudulent representations with the intent to defraud, and, in so doing, use interstate wire communications.

21. Upon a showing that Defendants are committing or about to commit a violation of 18 U.S.C. § 1343, the United States is entitled, under 18 U.S.C. § 1345, to seek a temporary restraining order, a preliminary injunction, and a permanent injunction restraining all future fraudulent conduct.  The Court may also grant such other relief it deems just and proper to prevent a continuing and substantial injury to victims of the fraud scheme.

22. As a result of the foregoing, the Court should enjoin Defendants' conduct under 18 U.S.C. § 1345.

**PRAYER FOR RELIEF**

WHEREFORE, the United States requests judgment in its favor and against the Defendants, including the following relief:

A.	That the Court issue an order, pursuant to 18 U.S.C. § 1345, pending a hearing and determination of the United States' application for a preliminary injunction, that Defendants, and their agents, officers, and employees, and all other persons or entities in active concert or participation with it, must immediately cease offering to treat, cure, prevent, or otherwise mitigate the impact of the novel Coronavirus or COVID-19, and remove, delete, and take down any representations by Defendants regarding the same.;

B.	That the Court issue a preliminary injunction, pursuant to 18 U.S.C. § 1345, on the same basis and to the same effect;

C.	That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, on the same basis and to the same effect; and

D.	All such further relief as may be just and proper.

Dated:  April 16, 2020

Respectfully submitted,

ERIN NEALY COX
United States Attorney

By:	/s/ Andrew S. Robbins
ANDREW S. ROBBINS
Assistant United States Attorney
New York Bar No. 4836508
KENNETH G. COFFIN
Assistant United States Attorney
Texas Bar No. 24076986
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8646
Facsimile:  214-659-8807
Andrew.Robbins@usdoj.gov
Kenneth.Coffin@usdoj.gov

*Counsel for the United States*