IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 3:20-cv-0940 |
| DR. RAY L. NANNIS, P.C., dba OPTIMUM WELLNESS SOLUTIONS, a Texas corporation; and DR. RAY L. NANNIS, an individual, | |
| Defendants. | |

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

This matter comes before the Court on the United States' Emergency Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue.  Upon consideration of the Motion, 18 U.S.C. § 1345, the United States' Complaint in this action, the Declaration of Special Agent Gabriel Marchal of the United States Secret Service, and the parties' arguments at the telephonic hearing held on April 17, 2020, the Court finds that:

1.     This Court has jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all the parties hereto, and venue in this district is proper.

2.     The United States has established that there is probable cause to believe that Defendants Dr. Ray L. Nannis, P.C., d/b/a Optimum Wellness Solutions, and Dr. Ray L. Nannis are violating and, unless enjoined, will continue to violate 18 U.S.C. § 1343.  The United States has also established the Defendants' violation of 18 U.S.C. § 1343 by a preponderance of the evidence.

3.      The Facebook account "OptimumWellnessSolutions," located at www.facebook.com/OptimumWellnessSolutions/, is being used as an instrumentality of Defendants' crimes.

4.      Injunctive relief to protect the public interest is expressly authorized by 18 U.S.C. § 1345.  As such, neither a specific finding of irreparable harm, a showing of the inadequacy of other remedies at law, nor a balancing of the parties' interest is necessary prior to the issuance of a temporary restraining order.

5.      Even though a showing of irreparable harm is not necessary under Section 1345 in order to obtain injunctive relief, the Court has found that permitting Defendants to continue to perpetrate the alleged wire fraud would constitute irreparable harm. Further, the Court has found that a temporary injunction is warranted to prevent substantial injury to the public, as required under 18 U.S.C. § 1345.

6.      The statutory conditions for granting a temporary injunction or restraining order under 18 U.S.C. § 1345 are therefore met.

7.      Defendants' violations of 18 U.S.C. § 1345 will continue unless a temporary restraining order is issued.

**THEREFORE, IT IS HEREBY ORDERED** that, pursuant to 18 U.S.C. § 1345, the United States' Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 18 U.S.C. § 1345, pending a hearing and determination of the United States' application for a preliminary injunction, Defendants, their agents, officers, and employees, and all other persons and entities in active concert or participation with them, are temporarily restrained from: (A) committing wire fraud, as defined by 18 U.S.C. § 1343; (B) destroying business records related to Defendants' business, financial, or accounting operations; and (C) taking any actions designed to interfere with any additional Court orders.

**IT IS FURTHER ORDERED** that Defendants, upon receiving notice of this Order, shall immediately cease offering to treat, cure, prevent, or otherwise mitigate the impact of the novel Coronavirus or COVID-19, including, in particular, in connection with any "homeopathy" or "homeoprophylactic," and remove, delete, and take down any representations regarding the same, including, but not limited to, posts on Defendants' Facebook account dated March 19, 2020, March 25, 2020, March 30, 2020, April 1, 2020, and April 16, 2020.

**IT IS FURTHER ORDERED** that this temporary restraining order shall remain in force up to and including the 1st day of May, 2020, or until such later date as may be extended by the Court or agreed upon by the parties.  The Court will set a hearing for consideration of the United States' request for a preliminary injunction by separate order.

Pursuant to 18 U.S.C. § 1345(a)(3) and Rule 65(c) of the Federal Rules of Civil Procedure, the United States shall not be required to post security for this action.


**SO ORDERED**, this the 17th day of April, 2020.


_____

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**